IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEALTHCARE SERVICES GROUP, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 18-1765 |
| | : | |
| NEW ORLEANS HOME FOR THE INCURABLES, INC. | : | |

## MEMORANDUM

**KEARNEY, J.**  June 14, 2018

Businesses cannot agree to a venue for their disputes which violates Congress' long-established definition of proper venue. Unlike private arbitration clauses, they cannot agree to create venue where it does not exist. While they can agree to a particular venue if permitted under federal law and then argue as to the effect of their forum selection agreement for purposes of transfer to a certain district for convenience reasons, they cannot contract around Congress' mandate. When, as today, we review venue in a case where a Pennsylvanian seeks to collect for its services provided entirely in Louisiana and the Louisiana citizen then decides not to pay for the services provided there, we lack proper venue in this District over this breach claim regardless of their agreement to litigate in this District.

**I.    Plead facts relating to venue**

Pennsylvania citizen Healthcare Services Group, Inc. provides "necessary personnel and supervision to perform housekeeping services."[1] On October 5, 2015, Healthcare Services agreed to provide housekeeping and laundry services to Louisiana citizen New Orleans Home for the Incurables, Inc. d/b/a John J. Hainkel Jr. Home and Rehabilitation Center.[2]    New Orleans

Home would pay $34,650 per month for the services.[3] The parties agreed to "exclusive" venue in the Pennsylvania Court of Common Pleas of Bucks County or the United States District Court for the Eastern District of Pennsylvania.[4]

New Orleans Home refused to pay Healthcare Services for "all" housekeeping services it provided under their agreement.[5] Healthcare Services alleges New Orleans Home breached their contract, or in the alternative was unjustly enriched, when it failed to pay Healthcare Services for the housekeeping services provided under their agreement.

## II. Analysis

Healthcare Services sued New Orleans Home invoking our diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000. After service on New Orleans Home, we issued a rule to show cause for both parties to explain the propriety of venue in this district for services provided in the District of Louisiana.[6]

Healthcare Services argues venue is proper here because the parties selected our district as their forum in their agreement and we must enforce their forum selection clause. New Orleans Home seeks dismissal under 28 U.S.C. § 1406(a) arguing venue is not proper under 28 U.S.C. § 1391 because a substantial part of the action or events giving rise to Healthcare Services claims did not arise in Pennsylvania. While New Orleans Home seeks dismissal, it concedes venue is proper in Louisiana.[7]

### A. Venue must be proper under 28 U.S.C. § 1391 regardless of the forum selection clause.

Congress requires proper venue under § 1391 which supersedes an agreement among private litigants as to their preferred forum. Congress alone governs what is proper venue for a civil action brought in federal district courts. Congress made this clear in stating § 1391(a) "shall govern the venue of all civil actions brought in the district courts of the United States."

The Supreme Court instructed this "structure of the federal venue provisions confirms that they alone define whether venue exists in given forum."[8]

The Supreme Court directly addressed the primacy of proper venue under § 1391 over litigants' forum selection in *Atlantic Marine*.[9] The court notes some confusion exists because of the sometimes interchangeable use of the "special statutory term 'venue'" and "the word 'forum'" and sometimes they can correctly be used "synonymously."[10] The Supreme Court cuts through this confusion to clarify venue is a "special statutory" term created by Congress and we must determine venue only in accordance with the criteria in § 1391.[11] We cannot look outside Congress's criteria because § 1391 "cannot reasonably be read to allow judicial consideration of other, extrastatutory limitations on the forum in which a case may be brought."[12]

**B.     Venue is not proper in the Eastern District of Pennsylvania.**

Mindful of *Atlantic Marine*, we turn to New Orleans Home's argument venue is improper in this District. While New Orleans Home seeks dismissal, they concede venue is proper in the District of Louisiana so we analyze whether to transfer for improper venue under 28 U.S.C. § 1406.[13] When deciding whether to transfer for improper venue, we "must generally accept as true the allegations in the complaint, although the parties may submit affidavits in support of their positions."[14] We construe all factual disputes and make all reasonable inferences in favor of Healthcare Services, the non-moving party.[15] New Orleans Home, the moving party, "bears the burden of proving that venue in [this District] is improper."[16]

Congress provides, except as provided by another federal law, "a civil action may be brought in (1) a judicial district in which any defendant resides …; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred …; or (3) if there is not district in which an action may otherwise be brought as provided in this section, any judicial

3

district in which any defendant is subject to the court's personal jurisdiction with respect to such action."[17]

Venue could only be proper in this District if "a substantial part of the events or omissions giving rise to the claim occurred because New Orleans Home does not resident in this District and this action could be brought in the District of Louisiana so neither the first or third criteria of § 1391. To determine if a substantial part of the events or omissions occurred here we first, determine "the nature of the dispute," and then "ascertain which of [New Orleans Home]'s acts or omissions gave rise to the claim, and of those acts or omissions which of them took place [in this District]."[18]

The nature of the dispute is a breach of contract for services rendered in Louisiana where the recipient allegedly refused its contractual duty to pay for those services. New Orleans Home argues no events or omissions giving rise to Healthcare Services' claim occurred in this District because the parties agreed for Healthcare Services to provide housekeeping services in Louisiana and no allegations occurred in Pennsylvania. Healthcare Services does not specifically address statutory venue or which events or omissions giving rise to the claim occurred in this District. But it does argue New Orleans Home's payments under the contract were to be paid here.[19] It is unclear from the allegations whether New Orleans Home ever remitted a payment under their agreement because Healthcare Services alleges New Orleans Home refused to pay "all" housekeeping services it provided.[20]

Even assuming New Orleans Home sent payment to Healthcare Services in this District, this payment act is not is not what gives rise to Healthcare Services' claim. The operative allegations giving rise to the claim all occurred in Louisiana: (1) Healthcare Services providing housekeeping service to New Orleans Home; and, (2) New Orleans Home, based in Louisiana,

4

deciding not to pay the money it owed under the agreement. This is not a case where we are litigating whether Healthcare Services properly calculated or accounting for payments in Pennsylvania. The challenged conduct – refusal to pay a bill – occurred in Louisiana.

New Orleans Home meets its burden to show venue is improper under § 1391(b)(2) because the substantial events giving rise to Healthcare Services did not occur in this District. As shown, they occurred in the District of Louisiana.

### C.    A forum selection clause cannot contravene congressionally mandated venue.

Healthcare Services argues venue is proper in this District because the parties selected this District as their forum in their agreement and there is no extraordinary reason we should not enforce their forum selection clause under *Atlantic Marine*. Healthcare Services' argument "improperly conflates" venue and forum, collapsing congressionally mandated venue under § 1391 into a 28 U.S.C. § 1404 transfer analysis based on a forum selection clause and bypassing the first half of *Atlantic Marine*.[21]

Healthcare Services must establish venue is proper here before proceeding to the validity of a forum selection clause. The Supreme Court is clear: if venue does not meet one of the three sections of § 1391, we must dismiss or transfer the case because "[w]hether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)."[22] Because we find venue in not proper in this District under § 1391, the parties' private decision to select here as their forum is immaterial to our analysis.

### III. Conclusion

We transfer this case under 28 U.S.C. § 1404 to the District of Louisiana because venue is not proper in this District and venue is proper in this District of Louisiana because New Orleans Home, the defendant, resides there and diversity still exists between the parties.

---

[1] Complaint, ECF Doc. No. 1, ¶ 9.

[2] *Id.* at ¶ 8.

[3] *Id.* at ¶¶ 8-10.

[4] Exhibit A to Complaint, ECF Doc. No. 1 at 11.

[5] ECF Doc. No. 1, ¶ 12.

[6] ECF Doc. No. 5.

[7] ECF Doc. No. 7 at 2.

[8] *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 56 (2013).

[9] *Id.*

[10] *Id.*

[11] *See id.* (Petitioner's contrary view improperly conflates the special statutory term "venue" and the word "forum." It is certainly true that, in some contexts, the word "venue" is used synonymously with the term "forum," but § 1391 makes clear that venue in "all civil actions" must be determined in accordance with the criteria outlined in that section.").

[12] *Id.*

[13] *See* § 1406(a) (if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

[14] *Infinity Computer Products, Inc. v. OKI Data Americas, Inc.*, No. 12-6797, 2018 WL 1035793, at *3 (E.D. Pa. Feb. 23, 2018) (citing *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982) and *Anderson v. TransUnion, LLC*, 2018 WL 334495, at *1 (E.D. Pa. Jan. 8, 2018)).

---

[15] *See id.* (internal citations omitted) ("The court may examine facts outside the complaint to determine proper venue, but must draw all reasonable inferences and resolve all factual conflicts in the plaintiff's favor.").

[16] *Id.* (citing *Myers v. Am. Dental Ass'n*, 695 F.2d at 724).

[17] § 1391(b).

[18] *Leone v. Cataldo*, 574 F. Supp. 2d 471, 485 (E.D. Pa. 2008) (citing *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994) and *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005)).

[19] *See* ECF Doc. No. 6 at 2.

[20] ECF Doc. No. 1, ¶ 12.

[21] *Atlantic Marine*, 571 U.S. at 56.

[22] *Id.*